Regis O’Brien, J.
This is a proceeding under the provisions of article 78 of the Civil Practice Act.
Thepetitioners seek an order which will mandate the respondent school board to correct certain salary schedules for 1961-62 and to prepare a supplemental payroll and pay them the amount of the salary as fixed by the corrected schedule.
*938 Upon the return day of the .order to show cause herein, neither the pleadings nor the arguments of the attorneys for the respective parties raiséd any triable issues of fact. Under those circumstances, therefore, this court will'consider the matter and proceed to “render such final order as the case, requires ”, pursuant to section 1295 of the Civil Practice Act.
Questions have been posed relative to the legality of certain salary schedules fixed by the respondent school board, to be paid to teachers in its schools during the school year 1961-62.
The school year commences July 1 in each year and ends June 30 of the following year (Education Law, § 2, subd. 15). The law defines ‘ ‘ salary ’ ’ to mean the amount of compensation that is to be paid to a teacher for services rendered during the full 10 months ’ period that the public schools are required to be in session during the school year (Education Law, § 3101, subd. 3).
In their petition, the petitioners allege that each had performed the prerequisite conditions prior to commencing suit and those averments are not controverted. It is also admitted that the petitioners are qualified and performing services in School District No. 9 during the year 1961-62; that School District No. 9 employs more than eight teachers; that School District No. 9 is subject to the provisions of the Education Law; and specifically
(1) That petitioner La Penna is in his ninth year of service; his fifth year of preparation; has over 30 hours of advance study; and is receiving a salary of $6,100;
(2) That petitioner Callisto is in his fourth year of service; his fifth year of preparation; has over 30 hours of advance study; and is receiving a salary of $5,080;
(3) That petitioner Pyzikiewicz is in his fifth year of service; his fifth year of preparation; has over 30 hours of advance study; and is receiving a salary at the rate of $5,300;
(4) That petitioner Czubaj is in his. tenth year of service; his fifth year of preparation; has over 30 hours of advance study; and is receiving a salary of $6,300;
(5) That petitioner Li Yecche is in his seventh year of service; his fifth year of preparation; has over 30 hours of advance study; and is receiving a salary of $5,700;
(6) That petitioner Racfomski, Jr., is in his fifth year of service; his fifth year of ¡preparation; has over 30 hours of advance study; and is receiving a saláry of $5,300. •
In view of the foregoing admissions, the court finds that the petitioners are rendering services as teachers during the school year of 1961-62 and áre in the salary year of service and entitled *939 to the additional amounts for further study as hereinafter set forth, viz.:
Teacher Callisto, 4th year (plus $180 pro rata allowance.)
Teacher Pyzikiewicz, 5th year (plus $300).
Teacher Li Vecche, 7th year (plus $300).
Teacher Radomski, Jr., 5th year (plus $300).
Teacher La Penna, 9th year (plus $300).
Teacher Czubaj, 10th year (plus $300).
The above petitioners claim they are not being paid the proper amount for their respective years of service. Their claims are based upon the fact that the respondent board adopted an amendment fixing salaries for their respective classifications at its meeting on September 25,1961 for the school year 1961-62 which does not conform to the requirements of the Education Law.
It appears from the documents and data submitted that at such meeting the respondents first proceeded to adopt a salary schedule fixing the base or first year of service, which started with a base salary for the petitioners at the sum of $4,500. Then, by 13 annual increments of $200 each, fixed the salary for the 14th year of service at $7,100; then by an increment of $150 fixed the 15th year at $7,250; then by an increment of $350 fixed the salary of teachers in the 20th year of service at $7,600; then by an increment of $100 fixed the salary of teachers in the 25th year of service at $7,700; and finally by an increment of $100 fixed the salary of teachers in the 30th year of service at $7,800. This resolution, which was adopted unanimously, also directed the Superintendent to file the schedules in the office of the State Commissioner of Education.
Later the board adopted salary schedules which fixed the salary of a teacher in the first year of service (in the classification of petitioners) at the sum of $4,600; then by four annual increments of $100 each, fixed the salary at $5,000 for the 5th year of service; then by six annual increments of $200 each fixed the salary for the 11th year of service at $6,200. The schedule thus adopted was not directed to be filed in the office of the Commissioner.
The petitioners claim the salaries fixed by the salary schedule in which they are interested did not and do not conform to the requirements of the Education Law. They contend that between the salary fixed for the first year of service and that fixed for the eleventh year of service, the law requires at least 10 annual increments of $200 each.
The respondent board contends that the salary schedule which it adopted, and pursuant to which the salaries of the petitioners *940 were fixed and paid during the. current school year, conforms do the requirements of the Education Law because, under such schedule,- the teachers received in excess of the minimum salary fixed by the Legislature for teachers in their respective classifications (Education Law, § 3103).
The respondents further contend that in fixing salaries in accordance with the unfiled schedules, such action was justified because, upon a review of its . budget, -it discovered that it had more than enough money to. .pay its teachers the amounts as fixed in the filed salary schedules, (heretofore mentioned) but not enough to pay all of them ..the amounts of salary that would be fixed for their respective. years of service if 10 annual increments of $200 each were, provided for teachers in the first 10 years of their service.
Conceding that the respondents had the power to fix salaries at amounts greater than the mínimums .fixed by the Legislature and further conceding that the motives which prompted the board to adopt the amended schedules were of the most laudable nature, it must be held that those acts did not, and do not, conform to the requirements of the Legislature as ,set forth in the Education Law.
The powers and duties of school authorities relative to the fixing of salaries of teachers by schedules are set forth in the Education Law (§ 3102, effective July 1, 1961). Subdivision 1 of section 3102 provides that “ school authorities * * # shall adopt by-laws fixing salary schedules ”.
Subdivision 3 authorizes the school authorities to “ adopt schedules providing for higher rates of pay than are required by the provisions of this article ”.
Subdivision 5 directs that “A certified copy of the by-laws containing the salary schedule, adopted pursuant to subdivision one * * * shall be filed * *" * with the commissioner of education within thirty days after the adoption thereof and not later than October first, nineteen hundred sixty-one.” Subdivision 5 also provides that “ Amendments shall be filed within thirty days after their adoption.”
The petitioners contend that the action of the respondents in adopting the resolution fixing the salaries for the current school year for those in the classification of the '.petitioners, at $4,600 for the first year of service constituted a cancellation or at least an amendment to the resolution fixing salaries as adopted previously. The contention is well founded. .
It is also the contention of the petitioners that the failure of the respondents to provide for at least 10 annual increments of not less than $200 each in the schedules, as amended, violated *941 the mandate of the Legislature contained in subdivision 2 of section 3103. •
An examination'of section 3103, effective July 1,1961, reveals that in school districts employing eight or more teachers, “ the minimum salary schedules * * * which may be fixed in the by-laws adopted * * * shall provide at least four thousand two hundred dollars for teachers in their first year of service; * * # five thousand dollars * * * in their fifth year of service; and at least six thousand two hundred dollars *.* * in their eleventh year of service ”.
It is apparent that 10 annual increments of $200 each must be applied to the salary fixed for the first year of service to meet the foregoing conditions. The section then continues by stating that “ Each such schedule shall contain at least ten annual increments of not less than two hundred dollars each.”
The last above-quoted sentence seems to the court to be ‘1 clear, unambiguous and mandatory ” as the Court of Appeals observed in its decision in Matter of Putnam v. Marshall (286 N. Y. 485, 490) where it construed the provisions of former section 889 of the Education Law.
Adopting the foregoing contentions of the petitioners as the correct solution of the questions under consideration, and giving effect to their undisputed claims of being entitled to an additional amount for further study, the court finds and decides that the correct salary for the respective petitioners for the school year 1961-62 is as follows:
Teacher Callisto, $5,380.
Teacher Pyzikiewicz, $5,700.
Teacher Badomski, Jr., $5,700.
Teacher Li Vecche, $6,100.
Teacher La Penna, $6,500.
Teacher Czubaj, $6,700.
Therefore, in view of all of the foregoing, the respondents are directed to take such action as may be necessary to pay the petitioners in accordance with the salaries as corrected.